IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| David Nielson, | ) | Civil Action No. 2:18-1610-RMG |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Portfolio Recovery Associates, LLC and Equifax Information Services, LLC, | ) | |
| Defendants. | ) | |

Before the Court is Defendant Portfolio Recovery Associates, LLC's motion to seal. (Dkt. No. 40.) For the reasons set forth below, the motion is granted in part and denied in part.

I.  **Background**

Plaintiff David Nielson alleges that Portfolio Recovery Associates, LLC ("PRA"), alleged owner of the credit, and Equifax Information Services, LLC ("Equifax"), the credit reporting agency, unlawfully attempted to collect on and report his debt on a line of credit opened at Rooms To Go.

PRA now seeks to seal in full its memorandum in support of its motion for summary judgment and Exhibits 3, 5, 6 and 7 to the memorandum. PRA supplied these documents for *in camera* review.[1] Plaintiff responds that he is "unconcerned with his personal identifiers being published generally [and] wants as much of his case to be available to the public so that other

---

[1] PRA seeks to seal these documents in full, not via redactions: "PRA has attempted to redact information to protect Plaintiff's sensitive financial information, but this is not completely possible because of the nature of the case." (Dkt. No. 40-1 at 3.) Some of the documents that PRA submits for *in camera* review already contained sparse redactions. The Court, therefore, analyzes whether these documents should be filed under seal in full notwithstanding the current redactions.

attorneys and consumers can view the pleadings and documents in this case." (Dkt. No. 49 at 2.)[2] Plaintiff, therefore, "opposes sealing documents to the extent they contain personal identifiers in accordance with the Local Rules except concerning financial account numbers in which case the last 4 digits only should be redacted" and he "does not oppose PRA's motion to the extent it seeks to seal information subject to the Confidentiality Order." (*Id.* at 3.)[3]

## II. **Legal Standard**

Local Civil Rule 5.03 provides that a party seeking to file documents under seal shall "file and serve a 'Motion to Seal' accompanied by a memorandum" that must:

> (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law.

Local Civil Rule 5.03, D.S.C.

The public's common law right to inspect judicial records and documents is not absolute and the district court "may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). In deciding whether to exercise such discretion, the court may consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

---

[2] *See also Doe v. Public Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (requiring prompt adjudication of motion to seal documents underlying motion for summary judgment in light of public's right to "monitor the progress of the litigation as it unfolded").

[3] Plaintiff and both Defendants are parties to the confidentiality order. (Dkt. Nos. 15, 16.)

By contrast, once documents that are produced in discovery, including under a pre-trial confidentiality order, are "made part of a dispositive motion, they [have] lost their status as being 'raw fruits of discovery.'" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 576 (4th Cir. 2004) (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988). The, "more rigorous First Amendment standard [ ] appl[ies] to documents filed in connection with a summary judgment motion in a civil case." *Id.*; *see also Hill Holiday Connors Cosmopulos, Inc. v. Greenfield*, No. 6:08-cv-03980-GRA, 2010 WL 890067, at *4 (D.S.C. Mar. 8, 2010) (denying motion to seal summary judgment memorandum and exhibits). The district court must determine whether to seal discovery materials after they are made part of a dispositive motion "at the time it grants a summary judgment motion" and, regarding any pre-trial confidentiality order, must "not merely allow continued effect to a pretrial discovery protective order." *Va. Dep't of State Police*, 386 F.2d at 576.

Under this First Amendment standard, the movant must demonstrate that the denial of access is necessitated by a compelling government interest or non-governmental interest that implicates similar "higher values." *Press-Enter. Co. v. Super Ct. of Cal. For the Cnty. of Riverside*, 464 U.S. 501, 510 (1984). Such private interests outweigh the First Amendment presumption of access "only in certain circumstances" that include a criminal defendant's Sixth Amendment right to a fair trial, privacy interests of non-parties, trade secrets, attorney-client relationships, and contractual non-disclosure provisions. *Companion Prop. & Cas. Ins. Co. v. Wood*, No. 3:14-cv-03719-CMC, 2017 WL 279767, at *2 (D.S.C. Jan. 23, 2017) (collecting cases). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access, and that party must present specific reasons in support of its position." *Level 3 Comm'ns., LLC v. Limelight Networks, Inc.*, 611 F. Supp. 2d 572, 583 (E.D. Va. 2009) (testing

public's First Amendment right of access against non-governmental interests). The court must determine that sealing would constitute a "narrowly tailored" solution designed "to serve that interest." *Press-Enter. Co.*, 464 U.S. at 510.

**III.    Discussion**

The Court undertook an *in camera* review of the six documents that PRA seeks to seal in full. Applying its "experience and logic," the Court now first identifies the level of rebuttable protection afforded to each document, then determines whether PRA has, based on the type of document, specifically demonstrated that the public's common law or First Amendment right of access to the document is outweighed by a sufficiently countervailing concern.[4] *P&L Dev. LLC v. Bionpharma Inc.*, No. 1:17-cv-1154-NCT, 2019 WL 2079830, at *7 (M.D.N.C. May 10, 2019) (granting in part and denying in part motion to seal); *see also Va. Dept. of State Police v. Washington Post*, 386 F.3d 567, 580 (4th Cir. 2004) (remanding because district court "simply assumed, without explanation, that the public has a First Amendment right of access to" legal brief and its exhibits).

**A.    Memorandum in Support of Motion for Summary Judgment**

PRA first seeks to seal its memorandum in support of its motion for summary judgment. The memorandum does not identify full account numbers or social security numbers, does identify account balances, and contains three embedded images of documents: an image of a credit report that purports to demonstrate the existence of an account, and two images of a check that Plaintiff made out to NCC Business Services, Inc. with Plaintiff's address, routing and checking account numbers each redacted.

---

[4]    PRA's motion to seal is defective under Local Rule 5.03 for failing to address the controlling law to seal documents underlying a motion for summary judgment. The Court nonetheless reviews the documents under the appropriate standard in order to afford the parties an opportunity to litigate this matter on its merits.

First, regarding the legal brief itself, testing it to the *Knight Publication Co.* standard, the Court finds that it does it does not contain sensitive information that outweighs the public's common law interest in accessing judicial records. PRA argues that the memorandum contains its sensitive business information that is subject to the parties' protective order (Dkt. No. 40-2 at 1), but the Court sees no explicit references to any such information in the brief. *See, e.g., Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 447-48 (D. Md. 2012) (rejecting "conclusory argue[ments]" to deny without prejudice motion to seal legal memorandum).

Second, regarding the embedded images, these are images of documents that were produced in discovery and, therefore, PRA's motion to seal these three images is tested against the public's First Amendment right of access. The first image is a seven-line excerpt of Exhibit 6, which was produced by Equifax. Although the Court exercises its discretion to seal Exhibit 6, as explained below, this seven-line excerpt contains no identifying information of which disclosure would be a risk to Plaintiff's security that outweighs the public's First Amendment right of access. The second and third embedded images are of the front and back of a check produced by Plaintiff that, as redacted in the memorandum, contain no sensitive identifying or financial information to protect notwithstanding the public's constitutional right to access. *See, e.g., Cochran v. Volvo Grp. N.A., LLC*, 931 F. Supp. 2d 725, (M.D.N.C. 2013) (denying motion to seal in full memorandum of law and exhibits under common law right of access standard, but ordering public filing of redacted versions to protect some sensitive information).

PRA's motion to seal in full its memorandum in support of its motion for summary judgment is denied.

**B.      Exhibit 3**

Exhibits 3 is comprised of two categories of documents. First, a graph produced by PRA in discovery and under the parties' confidentiality order that PRA purports is its business record used to verify Plaintiff's personal financial information. The graph redacts in full or part Plaintiff's account number, tax ID number, "MKR-AD1" number, date of birth, and "ATLAS_ACCTNUM" number. PRA argues that "there is no need for public access to Plaintiff's sensitive financial information or PRA's confidential business records" and that "PRA has attempted to redact information to protect Plaintiff's sensitive financial information, but this is not completely possible because of the nature of the case wherein PRA must prove that an account, which Plaintiff alleges does not exist, actually does exist." (Dkt. No. 40-1 at 3.)

Regarding PRA's business information, it is unclear that this graph contains proprietary business information, disclosure of which could constitute a risk of harm to PRA and, in any event, a company's unsubstantiated "fear that disclosure" constitutes a risk is insufficient to overcome the public's First Amendment right of access. *Doe v. Public Citizen*, 749 F.3d 246, 270 (4th Cir. 2014). Regarding Plaintiff's personal information, any identifiers and account numbers have been redacted in full or part which, contrary to PRA's contention, appears to be a sufficient and narrowly-tailored alternative to sealing in full. Regarding the fact that this graph was produced under a pre-trial confidentiality order, "granting a protective order to facilitate pre-trial discovery may or may not be sufficient to justify proscribing the First Amendment right of access to judicial documents" and, after review of this document, the Court finds that the existence of the confidentiality order is insufficient to override the public's First Amendment right of access. *Rushford*, 846 F.2d at 254 (holding that non-party is entitled to discovery documents that are subject to parties' protective order and used in summary judgment

proceedings); *see also Pittston Co. v. U.S.*, 368 F.2d 385, 406 (4th Cir. 2004) (affirming district court's denial of motion to unseal documents that were produced in discovery under a protective order where the party "already had access to the documents"); *Hill Holiday*, 2010 WL 890067, at *3 ("Mere claim that documents contain confidential information is insufficient.").

Exhibit 3 is also comprised of two account statements, produced by PRA in discovery and not under a confidentiality order, that were mailed to Plaintiff by GE Capital Retail Bank and provide summaries of account activity, payment information and transactions. Plaintiff's account number is partially redacted, no other sensitive information is identified, and the Court finds that PRA has failed to "proffer a compelling" reason to keep these account statements sealed notwithstanding the public's First Amendment right of access. *Va. Dep't of State Police*, 386 F.3d at 578.

PRA's motion to seal Exhibit 3 is denied.

**C.  Exhibit 5**

Exhibit 5 is also comprised of two categories of documents. First, a letter produced by PRA in discovery and not under a confidentiality order, which was sent by a PRA regulatory complaints analyst to the South Carolina Department of Consumer Affairs regarding Plaintiff's consumer complaint against PRA. The letter redacts Plaintiff's address and identifies account balances, but not account numbers. The letter's outbound UPS shipping label was also produced. Second, attached to the letter are two account statements mailed from PRA to Plaintiff, as also in Exhibit 3, that were produced by PRA not under a confidently order and partially redact account numbers. PRA seeks to submit Exhibit 5 in support of its briefing on summary judgment that it adequately identified the amount it claimed was owed, which is not itself information warranting overriding the public's First Amendment right of access to judicial

documents. Nor has PRA has not demonstrated a compelling interest to shield the public from the letter and, indeed, any mere "apprehension over the ramifications of disclosing the facts germane to this case cannot be squared with the principles of public discourse that underlie the First Amendment." *Doe*, 749 F.3d at 271.

PRA's motion to seal Exhibit 5 is denied.

**D.     Exhibit 6**

Exhibit 6 contains Plaintiff's credit reports that were produced in discovery by Equifax and not under a confidentiality order. The reports are natively labeled "for internal use only – contains data suppressed to customers," total thirty-five pages and repeatedly specify, without redaction: Plaintiff's social security number, current and prior addresses, military service and employment history, and available lines of credit at several specified banking institutions. Plaintiff does not oppose sealing these documents so long as the last four digits of account numbers are redacted, but the Court finds that these voluminous materials contain such frequent reference to a litany of specific account numbers—and Plaintiff's full social security number— that partial redaction of account numbers only is not sufficient. The Court finds that enabling public access to Plaintiff's identifying and financial information would jeopardize his compelling interest in the "higher value" of his security and that redaction throughout this particular document is not a more narrowly-tailored alternative to sealing.

PRA's motion to seal Exhibit 6 is granted. Before sealing documents, the court "must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (internal citations

omitted). Public notice was effectuated by PRA publicly filing on the docket its "Motion to Seal" on May 1, 2019. (Dkt. No. 40.) *See* Local Rule 5.03, D.S.C. ("The Clerk shall provide public notice of the Motion to Seal in the manner directed by the Court. Absent direction to the contrary, this may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal.") As noted, the Court finds that redaction in this instance is not a less drastic alternative to sealing because of the nature and frequency of the identifying information and the compelling risk of harm to Plaintiff by disclosure.

**E.     Exhibit 7**

Exhibit 7 contains letters from PRA to Plaintiff regarding his consumer dispute that attach the same style of account statements as included in Exhibits 3 and 5. These documents were produced in discovery by PRA, not under a confidentiality order, and fully or partially redact Plaintiff's address and account number. As with the prior account statements, PRA has not demonstrated a compelling interest to override the public's First Amendment right of access to these materials underlying a dispositive motion.

PRA's motion to seal Exhibit 7 is denied.

**IV.    Conclusion**

For the foregoing reasons, Portfolio Recovery Associates, LLC's motion to seal (Dkt. No. 40) is **GRANTED IN PART** and **DENIED IN PART.** Portfolio Recovery Associates, LLC is **ORDERED** promptly to:

1.    File publicly on the docket its memorandum in support of summary judgment, with the current redactions of the second embedded image;

2.    File publicly Exhibits 3, 5 and 7, with the current redactions; and

3.    Re-file Exhibit 6 under seal in full.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

June 18, 2019
Charleston, South Carolina